FILED

00 APR 10 AM 8:22

U.S. DISTRICT COURT
N.D. OF ALABAMA

APR 10 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RUSSEL D. BARBER, Individually and as Father and Next Friend of Mary K. Barber, and MARY K. BARBER,<br><br>Plaintiffs,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation, the NATIONAL YMCA EMPLOYEE BENEFITS PLAN, the MANAGEMENT COMMITTEE OF THE PLAN, and the NATIONAL COUNCIL OF YOUNG MEN'S CHRISTIAN ASSOCIATIONS OF THE UNITED STATES OF AMERICA,<br><br>Defendants. | C. A. No. CV-98-C-2704-NE |

**MEMORANDUM OPINION**

This cause came on for hearing before the Court on the 7th day of April, 2000, at the United States Courthouse in Huntsville, Alabama, with the Plaintiff Russel D. Barber, appearing personally and through his attorney, Gary C. Huckaby, Richet Pearson appearing as Guardian Ad Litem for Mary K. Barber, who is legally incompetent, and John Somerville, appearing as attorney for the Defendants. The Plaintiffs originally filed claims for bad faith and breach of contract. This Court on motion of the Defendant Prudential Insurance Company of America dismissed these claims and required the Plaintiffs to assert their claims exclusively under ERISA. The parties through a mediator have reached a settlement of all of the Plaintiffs' claims against the Defendants for the period during which Prudential Insurance Company of America was the administrator of the National YMCA Employee Benefits Plan, the insurance program in issue here, (but such settlement

3/115142.1



does not extend to any claims which have arisen or will arise under the successor administrator, United Healthcare, Inc.). As the Plaintiff, Mary K. Barber, is legally incompetent, Plaintiffs have moved this Court for approval of a settlement whereby the Defendants would pay the total sum of $55,000.00. This Court has appointed Richet Pearson as Guardian Ad Litem to represent the interest of the Plaintiff, Mary K. Barber, in these proceedings.

Having considered all of the evidence offered by the parties and the Report of Guardian Ad Litem for Mary K. Barber, the Court finds that the proposed settlement is in the best interest of Mary K. Barber; that her father, the Plaintiff Russel D. Barber, has expended his personal funds and incurred indebtedness for the care of the said Mary K. Barber in a total amount far in excess of the proportionate share of the proceeds that it is proposed that he receive; and that the Plaintiff Russel D. Barber does continue to provide for the care and maintenance of his daughter, Mary K. Barber, in his home. The Court upon the review of the said evidence and the pleadings in this cause finds that the proposed settlement in the amount of $55,000.00 is appropriate under the circumstances in that the claims of the Plaintiffs have been seriously controverted, that there are genuine issues of fact and law that place the outcome of the Plaintiff's claims in doubt to some extent, that this Court has previously ruled that the Plaintiffs could not assert their claims of bad faith and breach of contract but could only proceed under ERISA, and that the settlement proceeds are presently needed to permit the continued treatment and care which has been provided for Mary K. Barber.

The Court further finds that the Plaintiffs in order to recover under their ERISA claims had to employ counsel to bring this action and did employ the firm of Bradley Arant Rose & White LLP; that the fees claimed for such representation and the reimbursement for expenses employed by said attorneys are reasonable and were necessary in the prosecution of said claims and are appropriate in the sum of $26,238.19 for such fees and expenses to be paid from the settlement proceeds of $55,000.

The Court further finds that the balance of the proceeds in the amount of $28,761.81 are due to be paid to the Plaintiff Russel D. Barber as reimbursement for amounts expended for the care of his daughter, Mary K. Barber.

Finally, it appears to the Court that the reasonable fees and expenses of the Guardian Ad Litem, Richet Pearson, are $ 2,040.00 and that said fees and expenses are due to be taxed to the Defendants in this cause. The other costs of the parties are due to be paid by the respective party who incurred them.

Entered this 7th day of April, 2000.

_____
UNITED STATES DISTRICT JUDGE